[Cite as *State v. Jones*, 2011-Ohio-2306.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 10 CA 50 |
| LOWELL JONES | |
| | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case Nos. 09 CR 231 and 09 CR 359 |
| JUDGMENT: | Affirmed in Part; Reversed in Part and Remanded |
| DATE OF JUDGMENT ENTRY: | May 12, 2011 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| KENNETH OSWALT | WILLIAM T. CRAMER |
| PROSECUTING ATTORNEY | 470 Olde Worthington Road |
| DANIEL HUSTON | Suite 200 |
| ASSISTANT PROSECUTOR | Westerville, Ohio  43082 |
| 20 South Second Street, 4th Floor | |
| Newark, Ohio  43055 | |

*Wise, J.*

{¶1} Appellant Lowell Jones appeals from his conviction for robbery, theft, and complicity to assault in the Court of Common Pleas, Licking County. The relevant facts leading to this appeal are as follows.

{¶2} On May 14, 2009, an employee of the Kroger grocery store in Hebron, Ohio, noticed appellant acting suspiciously in the beverage section of the store. Lori Cain, a store security/loss prevention officer, received a report that a man later identified as appellant was in the process of shoplifting bottles of liquor. Appellant was confronted by Cain inside the store. He first told Cain to get out of his way, and then threatened to hurt her "real bad." Appellant then removed two bottles from his coat and sat them on the floor, indicating he intended to leave the premises to talk to his purported sister, a female accomplice who had been inside the store with him but already had left for the parking lot. Cain, who was backed up by two other store employees, told appellant he could not leave. Appellant responded by removing another bottle and swinging it at Cain. She responded by spraying him with pepper spray, which had little immediate effect.

{¶3} As the incident progressed, appellant made it outside, where he saw his aforesaid female accomplice, who was in the driver's seat of a red pickup truck. Appellant moved toward the vehicle yelling at her to "run the bitch over" and "run them all over." Appellant then ran from the immediate area. Cain, who later testified that the driver "aimed right at me," was struck by the pickup and suffered injuries to her right leg and knee, which later required surgeries. Appellant was apprehended in the red pickup truck a short time later by Union Township police officers.

{¶4}    Appellant was charged with aggravated robbery (R.C. 2911.01(A)(3)), complicity in felonious assault (R.C. 2923.03(A)(1) and 2903.11(A)(1)/(A)(2)), and robbery (R.C. 2911.02(A)(2)).

{¶5}    Appellant entered pleas of not guilty, and the merged cases proceeded to a jury trial on April 5 and 6, 2010. Appellant did not dispute at trial that he had committed theft, but he denied robbery and assault.

{¶6}    Appellant was found not guilty of aggravated robbery but was found guilty of robbery (R.C. 2911.02(A)(2)), complicity in felonious assault, and theft (R.C. 2913.02).

{¶7}    Appellant was thereafter sentenced to four years for robbery, six years for complicity in felonious assault, and 180 days for theft.

{¶8}    On May 5, 2010, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶9}    "I. THE TRIAL COURT VIOLATED APPELLANTS' [SIC] STATE AND FEDERAL DOUBLE JEOPARDY PROTECTIONS, STATE AND FEDERAL RIGHTS TO DUE PROCESS, AND R.C. 2941.25 BY FAILING TO MERGE THE ALLIED OFFENSES OF ROBBERY IN VIOLATION OF R.C. 2911.02(A)(2) AND COMPLICITY IN FELONIOUS ASSAULT IN VIOLATION OF R.C. 2923.03(A)(1)/2903.11(A)(1) AND/OR (A)(2), WHICH WERE BASED ON THE SAME ACT OF VIOLENCE.

{¶10}    "II. THE TRIAL COURT VIOLATED APPELLANTS' [SIC] STATE AND FEDERAL DOUBLE JEOPARDY PROTECTIONS, STATE AND FEDERAL RIGHTS TO DUE PROCESS, AND R.C. 2941.25 BY FAILING TO MERGE THE ALLIED

OFFENSES OF ROBBERY IN VIOLATION OF R.C. 2911.02(A)(2) AND THEFT IN VIOLATION OF R.C. 2913.02, WHICH WERE BASED ON THE SAME ACT OF THEFT.

{¶11} "III.   THE TRIAL COURT VIOLATED DUE PROCESS AND R.C. 2929.14(E)(4) BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUIRED STATUTORY FINDINGS."

I.

{¶12} In his First Assignment of Error, appellant argues the trial court erred in failing to merge his convictions for robbery and complicity to commit felonious assault. We disagree.

{¶13} R.C. 2941.25 reads as follows:

{¶14} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶15} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶16} There has been significant development in allied offense jurisprudence in Ohio in recent years. For approximately the first decade of the new millennium, law interpreting R.C. 2941.25 was based on *State v. Rance,* 85 Ohio St.3d 632, 636, 710 N.E.2d 699, 1999-Ohio-291, wherein the Ohio Supreme Court had held that offenses are of similar import if the offenses "correspond to such a degree that the commission of

one crime will result in the commission of the other." *Id.* The *Rance* court further held that courts should compare the statutory elements in the abstract. *Id.*

**{¶17}** Approximately one year after appellant's sentence, the Ohio Supreme Court instructed as follows in *State v. Cabrales,* 118 Ohio St.3d 54, 886 N.E.2d 181, 2008-Ohio-1625, syllabus:

**{¶18}** "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other, then the offenses are allied offenses of similar import."

**{¶19}** According to *Cabrales,* if the sentencing court has initially determined that two crimes are allied offenses of similar import, the court then proceeds to the second part of the two-tiered test and determines whether the two crimes were committed separately or with a separate animus. Id. at 57, 886 N.E.2d 181, citing *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.

**{¶20}** However, subsequent to the oral arguments in the present appeal, the Ohio Supreme Court decided *State v. Johnson*, 128 Ohio St.3d 153, 942 N.E.2d 1061, 2010-Ohio-6314, which specifically overruled the 1999 *Rance* decision. The Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.,* at the syllabus. As cogently summarized in *State v. Nickel*, Ottawa App.No. OT–10–004,

2011-Ohio-1550, ¶ 5, the new test in *Johnson* for determining whether offenses are subject to merger under R.C. 2921.25 is two-fold: "First, the court must determine whether the offenses are allied and of similar import. In so doing, the pertinent question is 'whether it is possible to commit one offense *and* commit the other offense with the same conduct, not whether it is possible to commit one *without* committing the other.' (Emphasis sic.) *Id.* at ¶ 48. Second, 'the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." ' *Id.* at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569, ¶ 50 (Lanzinger, J., concurring in judgment). If both questions are answered in the affirmative, then the offenses are allied offenses of similar import and will be merged. *Johnson,* at ¶ 50."

{¶21} Appellant's complicity to commit felonious assault was based on the following statutes: First, R.C. 2923.03(A)(1), which states: "No person, acting with the kind of culpability required for the commission of an offense, shall *** [s]olicit or procure another to commit the offense." Secondly, on R.C. 2903.11(A)(1) and/or (A)(2), which states: "No person shall knowingly do either of the following: (1) Cause serious physical harm to another or to another's unborn; (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶22}  Appellant's conviction for robbery was based on R.C. 2911.02(A)(2), which states: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."

{¶23} Thus, the first question we must address under a *Johnson* analysis is whether it is possible to cause serious physical harm to another, or to cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, while inflicting or attempting to inflict physical harm to another in the commission of a theft offense.[1] We conclude it is possible to commit the offense of complicity in felonious assault and the offense of robbery, as charged in the case sub judice, with the same conduct.

{¶24} Under the second *Johnson* step, however, we answer the "same conduct" question in the negative. That is to say, the evidence supports the conclusion that after appellant had exited the store and moved toward the pickup truck, he engaged in additional conduct, not necessary to his fleeing of the scene, to direct the driver of the pickup to run over the store security officer. We hold this action constituted both separate conduct and separate animus under the circumstances.

{¶25} Accordingly, we find no error under *Johnson* in the trial court's failure to merge the complicity in felonious assault and robbery convictions in the case sub judice.

{¶26} Appellant's First Assignment of Error is overruled.

II.

{¶27} In his Second Assignment of Error, appellant contends the trial court erred in failing to merge his convictions for robbery and theft. We agree.

{¶28} Appellant's conviction for robbery was based on R.C. 2911.02(A)(2), which states: "No person, in attempting or committing a theft offense or in fleeing immediately

---

[1]   We find the "complicity" aspect of the first charge against appellant does not impact our analysis, because R.C. 2923.03(F) directs that where a person is guilty of complicity in the commission of an offense, he "shall be prosecuted and punished as if he were a principal offender."

after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."

**{¶29}** Appellant's theft conviction was based on R.C. 2913.02(A)(1), which states: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent."

**{¶30}** We first conclude it is possible to commit the offense of robbery and the offense of theft, as charged in the case sub judice, with the same conduct. In regard to the second step of the analysis, the facts of the case sub judice establish that the robbery and theft both stem from appellant's shoplifting of the same items from the Kroger store. Accordingly, pursuant to *Johnson*, we find the trial court should have merged the robbery and theft convictions for sentencing, although this conclusion does not affect the guilty verdicts issued by the jury. The matter will be remanded to the trial court to review merger of the robbery and theft offenses for sentencing, as provided by the Ohio Supreme Court in the case of *State v. Whitfield,* 124 Ohio St.3d 319, 922 N.E.2d 182, 2010-Ohio-2.

**{¶31}** Appellant's Second Assignment of Error is sustained.

III.

**{¶32}** In his Third Assignment of Error, appellant argues the trial court erred in failing to make findings of fact under R.C. 2929.14(E)(4) before imposing consecutive sentences. We disagree.

**{¶33}** Following the decision of the United States Supreme Court in *Oregon v. Ice* (2009), --- U.S. ----, 129 S.Ct. 711, 172 L.Ed.2d 517, the courts of Ohio were

periodically presented with the argument that *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, no longer severed the fact-finding requirements for consecutive sentences. This Court took the position in several instances that such an alteration of the *Foster* holding under *Ice* would have to await further review by the Ohio Supreme Court. See, e.g., *State v. Williams,* Muskingum App. No. CT2009-0006, 2009-Ohio-5296.

{¶34} On December 29, 2010, the issue was reached by the Ohio Supreme Court in *State v. Hodge*, 128 Ohio St.3d 1, 941 N.E.2d 768, 2010-Ohio-6320, wherein the Court held, at paragraph two of the syllabus, that the United States Supreme Court's decision in *Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *Foster*.

{¶35} Appellant's Third Assignment of Error is overruled on the authority of *Hodge*.

{¶36} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.

By: Wise, J.
Farmer, P. J., and
Edwards, J., concur.



                                                                    JUDGES

JWW/d 0407

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
LOWELL JONES                           :
                                       :
    Defendant-Appellant                :        Case No. 10 CA 50


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Costs assessed to be split equally among the parties.


_____

_____

_____

JUDGES