[Cite as *State v. Drake*, 2011-Ohio-3042.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25528 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL R. DRAKE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 02 0529(A) |

DECISION AND JOURNAL ENTRY

Dated: June 22, 2011

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Michael Drake, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} At approximately 2:00 a.m. on February 24, 2010, Akron Police Officers Todd Myers and Warren Soulsby, Jr. responded to a dispatch for a noise complaint at an apartment on Julien Circle in Akron. When they arrived at the apartment, Officers Myers and Soulsby looked through the apartment's front window and saw a female and a male, later identified as Drake, standing inside. Both officers observed Drake holding a syringe against his arm as if to inject himself. The officers then radioed for assistance and waited outside.

{¶3} Upon the arrival of additional officers, the police knocked and announced their presence. The resident of the apartment, Roseanne Dugger, answered the door and admitted that she had been engaging in drug-related activity. The police entered the apartment with Dugger's

consent and found Drake and another male inside. They also found items of paraphernalia and several narcotics, including bindles of heroin. Because he exhibited signs of heroin use, the police arrested Drake after the search. The police were not immediately able to identify Drake, as he initially provided officers with his brother's name instead of his own.

{¶4} On March 9, 2010, a grand jury indicted Drake on the following counts: (1) possession of heroin, in violation of R.C. 2925.11(A)(C)(6); (2) illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1); (3) falsification, in violation of R.C. 2921.13(A)(3); and (4) obstruction of official business, in violation of R.C. 2921.31(A). The matter proceeded to a jury trial on July 19, 2010. The jury determined that Drake did not possess drug paraphernalia, but found him guilty of all the remaining charges. The court sentenced Drake to eleven months in prison.

{¶5} Drake now appeals from his convictions and raises four assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II

Assignment of Error Number One

"DEFENDANT SUFFERED PREJUDICE THROUGH PLAIN ERROR AS THE PROSECUTION FAILED TO ESTABLISH VENUE IN ITS CASE-IN-CHIEF, AS REQUIRED BY THE OHIO CONSTITUTION, SECTION 10, ARTICLE I."

Assignment of Error Number Two

"DEFENDANT LACKED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE TRIAL COUNSEL FAILED TO MOVE FOR A JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE-IN-CHIEF AS THE STATE FAILED TO ELICIT TESTIMONY OF THE ADDRESS, CITY, AND COUNTY WHERE THE CRIME OCCURRED."

{¶6}    In his first and second assignments of error, Drake argues that the State failed to establish venue beyond a reasonable doubt and that his trial counsel was ineffective for failing to move for an acquittal on that basis.  We disagree.

{¶7}    "[T]he State must prove venue beyond a reasonable doubt unless the defendant waives it."  *State v. Smallwood*, 9th Dist. No. 24282, 2009-Ohio-1987, at ¶5, citing *State v. Headley* (1983), 6 Ohio St.3d 475, 477.  The State may do so either expressly or indirectly by reference to "all the facts and circumstances in the case."  *Headley*, 6 Ohio St.3d at 477.

{¶8}    Here, Drake argues that the State failed to prove venue because the prosecutor did not "elicit any testimony of the city or county where the crime occurred[.]"  To the contrary, the State's very first witness, Officer Myers, testified that this incident occurred at Julien Circle, which he later identified as being located in "Akron, Ohio, Summit County."  Dugger also testified as to the apartment's address and location in Akron, Ohio.  Consequently, the State established venue beyond a reasonable doubt, and Drake's first assignment of error is wholly devoid of merit.  Moreover, because the State established venue, Drake's counsel was not ineffective for failing to move for an acquittal on that basis.  See *Strickland v. Washington* (1984), 466 U.S. 668, 687 (setting forth test for ineffective assistance).  Drake's first and second assignments of error are overruled.

<u>Assignment of Error Number Three</u>

"DEFENDANT'S CRIMINAL RULE 29 MOTION SHOULD HAVE BEEN GRANTED AS TO THE COUNT OF POSSESSION OF HEROIN."

{¶9}    In his third assignment of error, Drake argues that his conviction for possession of heroin is based on insufficient evidence.  We disagree.

{¶10} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks* (1991), 61 Ohio St.3d 259, 274. Furthermore:

> "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386.

"In essence, sufficiency is a test of adequacy." *Thompkins*, 78 Ohio St.3d at 386.

{¶11} "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(A). "If the drug involved in the violation is heroin ***, whoever violates [R.C. 2925.11(A)] *** is guilty of possession of heroin." R.C. 2925.11(A)(C)(6). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶12} Drake argues that his conviction for possession of heroin is based on insufficient evidence because the police did not find any drugs on his person. Yet, both Officers Myers and Soulsby testified that they observed Drake holding a syringe to his arm and that he was acting in a manner consistent with heroin use. Specifically, Officer Myers testified that Drake had slurred speech, his eyes were droopy, and he looked like he was falling asleep; all of which he identified as symptoms of heroin use. Officer Soulsby corroborated that testimony and another officer, Officer Brian Cresswell, testified that Drake's pupils seemed dilated. Officer Cresswell confirmed that dilated pupils are another indication of heroin use. Moreover, Officer Myers testified that he observed needle marks on Drake's right arm; the same arm against which he saw

Drake holding a syringe shortly before the police entered Dugger's apartment. The police confiscated heroin bindles from Dugger's apartment when they searched it.

{¶13} The evidence in the record supports the conclusion that Drake used heroin. See R.C. 2925.11(A) (including use as a form of possession). Consequently, Drake's conviction for possession of heroin is based on sufficient evidence. Drake's third assignment of error is overruled.

Assignment of Error Number Four

"PLAIN ERROR OCCURRED AS APPELLANT INCURRED TWO CONVICTIONS BASED ON A SINGLE ACT, IN VIOLATION OF OHIO REVISED CODE § 2941.25(A)."

{¶14} In his fourth assignment of error, Drake argues that the trial court committed plain error by convicting him of allied offenses. Specifically, he argues that he should not have been convicted of both falsification and obstruction of official business because both charges stemmed from his failure to provide the police with his real name.

{¶15} R.C. 2941.25(A) prohibits the imposition of multiple convictions for the same conduct. For purposes of R.C. 2941.25, a conviction consists of both a guilty verdict and a sentence or penalty. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, at ¶12. Upon our review of the record, the sentencing entry in this case orders that Drake's obstruction of official business charge merge with his falsification charge, as the two counts constitute allied offenses of similar import. The trial court only imposed a sentence on the falsification count. Thus, the court appropriately left the jury's guilty verdicts intact and only sentenced Drake on one count in accordance with *Whitfield*. *Whitfield* at ¶27. Drake's fourth assignment of error is overruled.

III

**{¶16}** Drake's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.