[Cite as *State v. Nguyen*, 2012-Ohio-304.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 11CA0047-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| HUONG T. NGUYEN | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 06-CR-0367 |

DECISION AND JOURNAL ENTRY

Dated: January 30, 2012

WHITMORE, Presiding Judge.

{¶1}   Defendant-Appellant, Huong Nguyen, appeals from her convictions in the Medina County Court of Common Pleas.  This Court affirms.

I

{¶2}   A recitation of the facts underlying this matter is largely unnecessary to our review of this appeal.  In essence, Nguyen was arrested for her involvement in a Medina drug ring conspiracy and charged with numerous offenses after the police confiscated over 23,000 grams of marijuana.  A jury trial ensued, and Nguyen was found guilty of the following offenses: (1) possessing marijuana, in violation of R.C. 2925.11(A)(C)(3)(f); (2) conspiracy to commit the crime of possessing marijuana, in violation of R.C. 2923.01(A)(1) and 2925.11(A)(C)(3)(f); (3) conspiracy to commit the crime of possessing marijuana, in violation of R.C. 2923.01(A)(2) and 2925.11(A)(C)(3)(f); (4) complicity to commit the crime of possessing marijuana, in violation of R.C. 2923.03(A)(2) and 2925.11(A)(C)(3)(f); (5) illegal cultivation of marijuana, in violation of

R.C. 2925.04(A)(C)(5)(f); (6) conspiracy to commit the illegal cultivation of marijuana, in violation of R.C. 2923.01(A)(1) and 2925.04(A)(C)(5)(f); (7) conspiracy to commit the illegal cultivation of marijuana, in violation of R.C. 2923.01(A)(2) and 2925.04(A)(C)(5)(f); and (8) complicity to commit the illegal cultivation of marijuana, in violation of R.C. 2923.03(A)(2) and 2925.04(A)(C)(5)(f). On September 7, 2007, the trial court issued a sentencing entry.

{¶3} Nguyen appealed from the trial court's entry. This Court remanded the matter to the trial court, as the court's sentencing entry contained a defective post-release control notification. *State v. Vu*, 9th Dist. Nos. 07CA0094-M, 07CA0095-M, 07CA0096-M, 07CA0107-M & 07CA0108-M, 2009-Ohio-2945. The trial court held a resentencing hearing upon remand and issued another sentencing entry on August 12, 2009. Once again, Nguyen appealed. This Court vacated the August 2009 entry by way of journal entry due to a post-release control error. *State v. Nguyen*, 9th Dist. 09CA0063-M (Nov. 17, 2009). We noted in our journal entry that, although we did not need to reach the issue due to the post-release control error, it also appeared that the August 2009 entry contained a Crim.R. 32(C) defect, as it failed to fully determine the forfeiture specifications. *Id.* We remanded the matter for purposes of a new sentencing hearing. *Id.*

{¶4} The trial court held another sentencing hearing on December 21, 2009, and issued another sentencing entry on March 17, 2010. For a third time, Nguyen appealed. Because the sentencing entry did not fully determine the forfeiture specifications, however, this Court determined that it was not final under Crim.R. 32(C) and dismissed the third appeal by way of journal entry. *State v. Nguyen*, 9th Dist. No. 10CA0045-M (Mar. 9, 2011).

{¶5}   On March 11, 2011, the trial court issued a sentencing entry that disposed of all the forfeiture counts and sentenced Nguyen to eight years in prison.  Nguyen now appeals from the trial court's sentencing entry and raises one assignment of error for our review.

II

Assignment of Error

"THE TRIAL COURT ERRED BY CONVICTING DEFENDANT OF ALL ALLIED OFFENSES WHICH MERGED INTO THE ONE OFFENSE OF COMPLICITY TO COMMIT ILLEGAL CULTIVATION OF MARIJUANA."

{¶6}   In her sole assignment of error, Nguyen argues that the trial court erred by convicting her of allied offenses.  Specifically, she argues that the court should have dismissed her convictions on counts one through seven.

{¶7}   "R.C. 2941.25(A) prohibits the imposition of multiple convictions for the same conduct."  *State v. Drake*, 9th Dist. No. 25528, 2011-Ohio-3042, ¶ 15.  The Ohio Supreme Court has held, however, that "for purposes of R.C. 2941.25, a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty."  (Emphasis sic.)  *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 12.  "Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing."  *Id.* at paragraph three of the syllabus.

{¶8}   The State here elected to pursue sentencing on count eight, the count pertaining to complicity to commit illegal cultivation.  *See id.* at paragraph one of the syllabus (holding that the State has the right to elect which allied offense to pursue).  The trial court only sentenced Nguyen on count eight and indicated that the remaining counts "shall merge into Count VIII for the purpose of sentencing."  Because the trial court only sentenced Nguyen on count eight, it did

not "convict" her on the remaining counts. *See Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, at ¶ 12. Rather, it convicted Nguyen on one count (count eight) and properly left the remaining guilty verdicts intact. *Drake*, 2011-Ohio-3042, ¶ 15. Nguyen's argument that the court erroneously convicted her of allied offenses is meritless. Her sole assignment of error is overruled.

## III

{¶9} Nguyen's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
DICKINSON, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.