O’Connor, J.
{¶ 1} In this appeal, we address the proper procedure for courts of appeals to follow after finding reversible error with respect to sentences imposed for allied offenses of similar import.
*320 Relevant Background
{¶ 2} After a bench trial, the trial judge found appellee, Darnell Whitfield, guilty of drug possession, drug trafficking, having a weapon under disability, and carrying a concealed weapon, as well as three firearms specifications. The judge imposed three-year concurrent sentences on all counts, to be served consecutively to a term of one year for the three firearms specifications, which the judge merged at sentencing.[1]
{¶ 3} Whitfield appealed, arguing that the trial court had erred in denying his motions to suppress and for acquittal and that it had “committed plain error by convicting and sentencing him on both drug possession and drug trafficking which are allied offense of similar import.” After rejecting his claims on suppression and acquittal, the court of appeals applied our decision in State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph two of the syllabus, and agreed that the trial court had committed plain error by convicting Whitfield of both drug possession and drug trafficking, which are allied offenses of similar import. State v. Whitfield, Cuyahoga App. No. 90244, 2008-Ohio-3150, 2008 WL 2533062, ¶ 36-37. There was no error in that portion of the ruling.
{¶ 4} In reversing, however, the court of appeals stated, “We therefore sustain [Whitfield’s] third assignment of error, reverse the conviction for drug possession and remand the case to the trial court to vacate the drug possession conviction. See R.C. 2953.08(G)(2); State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245 [846 N.E.2d 824]; State v. Yarbrough, 104 Ohio St.3d 1, 2004-Ohio-6087 [817 N.E.2d 845].” (Emphasis added.) Id. at ¶ 38.
{¶ 5} We accepted discretionary review of the state’s appeal, 120 Ohio St.3d 1486, 2009-Ohio-278, 900 N.E.2d 197. The state asserts that “upon finding one or more counts to constitute two or more allied offenses of similar import, R.C. 2941.25(A) requires that the convictions are merged for the purposes of sentencing and [that] the defendant [can] be sentenced only on one.” We agree and take this opportunity to provide guidance on the proper manner in which the courts of appeal should remand cases after finding errors committed in sentencing on allied offenses.
Analysis
{¶ 6} R.C. 2941.25(A) provides, “Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.”
*321 {¶ 7} At the outset of our analysis, we recognize that the statute incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense.
{¶ 8} In the case of multiple punishments, a defendant is protected only from multiple punishments that were not intended by the legislature. Legislatures are empowered to either permit or prohibit multiple punishments for the same offense. State v. Childs (2000), 88 Ohio St.3d 558, 561, 728 N.E.2d 379. By its enactment of R.C. 2941.25(A), the General Assembly has clearly expressed its intention to prohibit multiple punishments for allied offenses of similar import. State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, paragraph three of the syllabus. See also Maumee v. Geiger (1976), 45 Ohio St.2d 238, 242-243, 74 O.O.2d 380, 344 N.E.2d 133 (the statute is designed to prevent “shotgun convictions” and “double punishment” for the same offense); State v. Stewart, Franklin App. No. 05AP-1073, 2006-Ohio-3310, 2006 WL 1781412, ¶ 6, citing Rance, 85 Ohio St.3d at 635, 710 N.E.2d 699 (“Ohio’s General Assembly has indicated its intent to permit or prohibit cumulative punishments for the commission of certain offenses through the multiple-count statute set forth in R.C. 2941.25”). This case involves the latter protection — the prohibition against multiple punishments for the same offense.
{¶ 9} By contrast, the General Assembly exercised its power to permit multiple punishments by enacting R.C. 2941.25(B). State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 17; Rance, 85 Ohio St.3d at 635, 710 N.E.2d 699, citing Albernaz v. United States (1981), 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275. Here, however, we are not presented with such a case.
{¶ 10} Rather, the parties agree that R.C. 2941.25(A) forbids multiple punishments for drug possession and drug trafficking, which are allied offenses of similar import. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph two of the syllabus. The court of appeals properly recognized that on the facts of this case, the trial court committed reversible error and that Whitfield’s convictions for the allied possession and trafficking offenses must be merged on remand.
{¶ 11} This appeal poses two questions: (1) What exactly does R.C. 2941.25(A) prohibit when it states that a defendant may be “convicted” of only one of two allied offenses? and (2) When a sentencing court violates this prohibition, what is the proper procedure on remand?
{¶ 12} We have little trouble with the first question. Our past decisions make clear that for purposes of R.C. 2941.25, a “conviction” consists of a guilty verdict and the imposition of a sentence or penalty. State v. Gapen, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135; State v. McGuire (1997), 80 Ohio St.3d *322 390, 399, 686 N.E.2d 1112 (“a conviction consists of a verdict and sentence”). See also State v. Fenwick (2001), 91 Ohio St.3d 1252, 1253, 745 N.E.2d 1046 (Cook, J., concurring), citing McGuire (“[f]or purposes of R.C. 2941.25, this court has already determined that a ‘conviction’ consists of both ‘verdict and sentence’ ” [emphasis sic]); State v. Poindexter (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (“as there is only one order of execution, there can be only one conviction. See R.C. 2941.25(A) and State v. Henderson (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, wherein ‘conviction’ includes both the guilt determination and the penalty imposition” [emphasis sic]).
{¶ 13} We recognize that certain decisions from this court might be read to suggest that a conviction does not necessarily require a sentence. For example, in State v. Cash (1988), 40 Ohio St.3d 116, 118, 532 N.E.2d 111, we held that a prior plea of guilty, without a sentence, was a “conviction” for purposes of Evid.R. 609(A) and could be used for impeachment of a witness. See also State ex rel. Watkins v. Fiorenzo (1994), 71 Ohio St.3d 259, 260, 643 N.E.2d 521 (holding for purposes of R.C. 2921.42(C)(1) that a guilty finding alone is sufficient to constitute a conviction). But those decisions are expressly limited to the discrete issues presented in them. See Cash at 118, 532 N.E.2d 111 (acknowledging precedent requiring both a finding of guilt and a sentence and limiting its own holding to impeachment under Evid.R. 609(A)); Watkins at 260, 643 N.E.2d 521 (recognizing that “the term ‘conviction’ normally includes both the finding of guilt and the sentence” and justifying its departure from that rule by the language of R.C. 2921.41(C)(1)). Thus, these cases do not conflict with our holding today that for purposes of R.C. 2941.25(A), a conviction is a determination of guilt and the ensuing sentence.
{¶ 14} We now turn to the second question: When a sentencing court violates R.C. 2941.25(A) by convicting a defendant of two allied offenses and then sentencing the defendant on both, what is the proper procedure on remand?
{¶ 15} The state contends that when a court correctly applies R.C. 2941.25(A) and merges convictions for allied offenses, only the sentences should be merged, i.e., both underlying determinations of guilt should be left intact. The state urges this court to revisit State v. Yarbrough, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, in which this court, upon finding that the defendant had been improperly convicted and sentenced for two allied offenses of similar import, merged the convictions and dismissed one of the two counts. Id. at ¶ 103. The state asks us to clarify the law, contending that confusion has resulted from Yarbrough and our seemingly conflicting subsequent decisions in State v. Winn, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, and Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181. In the latter two cases, we affirmed *323 appellate court decisions vacating only the sentence for one of the allied offenses and leaving both convictions intact, without reference to Yarbrough.
{¶ 16} Although Yarbrough, Cabrales, and Winn addressed important aspects of allied-offense jurisprudence, none of them address the narrow argument advanced by the state. Rather, in answering the question, we start with our understanding that R.C. 2941.25(A) codifies the judicial doctrine of merger. State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 42; State v. Logan (1979), 60 Ohio St.2d 126, 131, 14 O.O.3d 373, 397 N.E.2d 1345. That doctrine operates to merge allied offenses of similar import into a single conviction. Brown at ¶ 42.
{¶ 17} A defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses. Id., citing Geiger, 45 Ohio St.2d at 244, 74 O.O.2d 380, 344 N.E.2d 133. In fact, our precedent, including cumulative-punishment cases that predate the 1972 enactment of R.C. 2941.25(A), makes clear that a defendant may be found guilty of allied offenses but not sentenced on them. See, e.g., State v. Botta (1971), 27 Ohio St.2d 196, 203, 56 O.O.2d 119, 271 N.E.2d 776 (“Where * * * in substance and effect but one offense has been committed, a verdict of guilty by the jury under more than one count does not require a retrial but only requires that the court not impose more than one sentence” [emphasis added]); Weaver v. State (1906), 74 Ohio St. 53, 77 N.E. 273, paragraph one of the syllabus (when there are multiple counts of violating liquor statutes, but only one offense, “it is error for the court, on a verdict of guilty under each count, to inflict the penalties prescribed by each of the said sections” [emphasis added]); Woodford v. State (1853), 1 Ohio St. 427, paragraph three of the syllabus (“Where an offence forms but one transaction, and the indictment containing several counts on which the jury have returned a verdict of guilty, it is error in the court to sentence on each count separately” [emphasis added]).
{¶ 18} In cases in which the imposition of multiple punishments is at issue, R.C. 2941.25(A)’s mandate that a defendant may be “convicted” of only one allied offense is a protection against multiple sentences rather than multiple convictions. See, e.g., Ohio v. Johnson (1984), 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425, in which the United States Supreme Court held that the Double Jeopardy Clause protects against successive prosecutions and against multiple punishments for the same offense. Thus, to ensure that there are not improper cumulative punishments for allied offenses, courts must be cognizant that R.C. 2941.25(A) requires that “the trial court effects the merger at sentencing.” State v. Gapen, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135. See also State v. Palmer (1997), 80 Ohio St.3d 543, 572, 687 N.E.2d 685; Stewart, 2006-Ohio-3310, 2006 WL 1781412, ¶ 6.
*324 {¶ 19} In this case, the court of appeals properly corrected the trial court’s error in sentencing Whitfield for the allied offenses of drug possession and drug trafficking. But the court of appeals erred in ordering that this case be “remanded to the trial court with instructions to vacate the conviction and sentence for drug possession only.” (Emphasis added.)
{¶ 20} The General Assembly has made clear that it is the state that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 16 and 43, citing Geiger, 45 Ohio St.2d at 244, 74 O.O.2d 380, 344 N.E.2d 133; Legislative Service Commission Summary of Am.Sub.H.B. 511, The New Ohio Criminal Code (June 1973) 69. In conferring that right on the state, the legislature did not specify when the state must make that election. The Legislative Service summary states that “the prosecution sooner or later must elect as to which offense it wishes to pursue” (emphasis added), id., thereby implying that the state has latitude in determining when to decide which offense to pursue at sentencing.
{¶ 21} In light of the legislative history, we concluded previously that the statute does not require the state to make its election prior to trial. State v. Weind (1977), 50 Ohio St.2d 224, 236, 4 O.O.3d 413, 364 N.E.2d 224, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. See also State v. Roberts (June 23, 1988), Auglaize App. No. 2-87-18, 1988 WL 68700 (the state does not lose its right to elect by failing to exercise it before a verdict of guilty has been returned). We see nothing in the language of R.C. 2941.25(A) that would deny the state the same right on remand. The state therefore retains the right to elect which allied offense to pursue on sentencing on a remand to the trial court after an appeal.
{¶ 22} The court of appeals impermissibly intruded on the state’s right to elect by directing the trial court to vacate the drug-possession conviction. We reverse that portion of the court of appeals’ decision in this case and remand the cause to the trial court for a new sentencing hearing, at which the state must elect the offense for which Whitfield should be punished.
{¶ 23} When confronted with allied offenses, courts must be guided by two principles: that R.C. 2941.25(A) prohibits “convictions” for allied offenses and that the state controls which of the two allied offenses the defendant will be sentenced on.
{¶ 24} When the state elects which of the two allied offenses to seek sentencing for, the court must accept the state’s choice and merge the crimes into a single conviction for sentencing, Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 41, and impose a sentence that is appropriate for the merged offense. Thereafter, a “conviction” consists of a guilty verdict and the imposition of a *325 sentence or penalty. See, e.g., Gapen, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135; McGuire, 80 Ohio St.3d at 399, 686 N.E.2d 1112; Fenwick, 91 Ohio St.3d at 1253, 745 N.E.2d 1046 (Cook, J., concurring). The defendant is not “convicted” for purposes of R.C. 2941.25(A) until the sentence is imposed.
{¶ 25} If, upon appeal, a court of appeals finds reversible error in the imposition of multiple punishments for allied offenses, the court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant. On remand, trial courts must address any double jeopardy protections that benefit the defendant. However, as this court observed in State v. Calhoun (1985), 18 Ohio St.3d 373, 376-377, 18 OBR 429, 481 N.E.2d 624, “At least in the absence of an acquittal or a termination based on a ruling that the prosecution’s case was legally insufficient, no interest protected by the Double Jeopardy Clause precludes a retrial when reversal is predicated on trial error alone. * * * The purpose of the Double Jeopardy Clause is to preserve for the defendant acquittals or favorable factual determinations but not to shield from appellate review erroneous legal conclusions not predicated on any factual determinations.” Thus, the state is not precluded from pursuing any of the allied offenses upon a remand for a new sentencing hearing.
{¶ 26} On remand, the trial court should fulfill its duty in merging the offenses for purposes of sentencing, but remain cognizant that R.C. 2941.25(A)’s mandate that a “defendant may be convicted of only one” allied offense is a proscription against sentencing a defendant for more than one allied offense. Nothing in the plain language of the statute or in its legislative history suggests that the General Assembly intended to interfere with a determination by a jury or judge that a defendant is guilty of allied offenses. As the state asserts, by enacting R.C. 2941.25(A), the General Assembly condemned multiple sentences for allied offenses, not the determinations that the defendant was guilty of allied offenses.
{¶ 27} Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant’s guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing.[2] Thus, the trial court should not vacate or dismiss the guilt determination.
*326 Conclusion
{¶ 28} For the reasons set forth herein, we reverse the decision of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Moyer, C.J., and Lundberg Stratton, O’Donnell, and Cupp, JJ., concur.
Pfeifer and Lanzinger, JJ., dissent.

. Inexplicably, the trial judge did not merge the drug-possession and trafficking charges, however.

. {¶ a} The dissent contends that “[in] essence, the offense that the state elects to pursue absorbs the other offense and nothing remains of the absorbed offense, including the finding of guilt.” (Dissent at ¶ 36.) In so asserting, the dissent relies on our decision in State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, and on two decisions from the Eighth District Court of Appeals, Gates Mills v. Yomtovian, 8th Dist. No. 88942, 2007-Ohio-6303, 2007 WL 4200629, and State v. Waters, 8th Dist. No. 85691, 2005-Ohio-5137, 2005 WL 2386477.
*326 {¶ b} Saxon, which held that the sentencing-packaging doctrine is not applicable in Ohio law, is inapposite here and does not support the proposition for which it is cited by the dissent. Waters and the cases upon which it relies, State v. Garner, Trumbull App. No. 2002-T-0025, 2003-Ohio-5222, 2003 WL 22235385, citing State v. Collins (Oct. 18, 2003), Cuyahoga App. No. 79064, 2001 WL 1243943, are also inapposite because they are not allied-offense cases. Rather, in those cases, each judge failed to impose a sentence in cases in which there were multiple counts or specifications.