[Cite as *State v. Montgomery*, 2011-Ohio-1881.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 10-CA-75 |
| WINDELL E. MONTGOMERY | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Licking County Court of Common Pleas,
Case No. 10 CR 191

JUDGMENT:    Affirmed in part; Reversed in part
and Remanded

DATE OF JUDGMENT ENTRY:    April 18, 2011

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

BRIAN T. WALTZ          DAVID B. STOKES
Assistant Proseucting Attorney    21 W. Church St., Suite 206
Licking County Proscutor's Office   Newark, Ohio 43055
20 S. Second St., 4th Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1} Defendant-appellant Windell E. Montgomery appeals his conviction and sentence in the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 7, 2010, Appellant agreed to sell half an ounce of methamphetamine to a confidential informant. Prior to the sale, Appellant was stopped and arrested. Pursuant to the arrest, the police found Appellant in possession of 21.21 grams of methamphetamine. Appellant later admitted to the investigating officers his purpose was to sell the drugs.

{¶3} Appellant entered pleas of guilty to one count of aggravated trafficking in drugs (methamphetamine), in violation of R.C. 2925.03(A)(1) and/or (2)(C)(1)(d); one count of aggravated possession of drugs (methamphetamine), in violation of R.C. 2925.11(A)(C)(a)(c); and to a forfeiture specification involving monies and a motor vehicle, pursuant to R.C. 2941.1417 and R.C. 2981.02.

{¶4} Via Judgment Entry of July 1, 2010, the trial court sentenced Appellant to four years on each count, to run consecutively, and the vehicle and monies were ordered forfeited.

{¶5} Appellant now appeals, assigning as error:

{¶6} "I. THE TRIAL COURT COMMITTED PLAIN ERROR IN CONVICTING APPELLANT ON COUNT I AND/OR IN ITS SENTENCE."

**{¶7}** Appellant asserts the indictment was defective as to Count I, as the indictment failed to include the culpable mental state of "knowingly," as required by R.C. 2925.03(A)(2).

**{¶8}** In *State v. Horner*, 2010-Ohio-3830, the Ohio Supreme Court held:

**{¶9}** "Further, we hold that failure to timely object to a defect in an indictment constitutes a waiver of the error. Crim.R. 12(C)(2) (objections to defect in indictment must be raised before trial). Any claim of error in the indictment in such a case is limited to a plain-error review on appeal. *State v. Frazier* (1995), 73 Ohio St.3d 323, 652 N.E.2d 1000; Crim.R. 52(B)."

**{¶10}** As Appellant did not raise the issue before the trial court, we find error relative to the alleged defective indictment waived.

**{¶11}** The record indicates Appellant was charged in the alternative as he both offered to sell drugs to the confidential informant and transported them with intent to sell. The indictment alleges, in part, Appellant "did knowingly [offer to sell] and/or did prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute" the drugs involved. We conclude the use of knowingly at the beginning of the indictment applies to both subsections. Furthermore, we note a conviction under either subsection would be sufficient as they were charged in the alternative. Given Appellant's guilty plea, we find Appellant has not demonstrated plain error.

**{¶12}** In addition, Appellant argues Counts 1 and 2 should have merged for sentencing purposes as they are allied offenses of similar import. Appellant maintains trafficking in a controlled substance under R.C. 2925.03(A) and possession of the same controlled substance under R.C. 2925.11(A) are allied offenses of similar import under

R.C. 2941.25(A) pursuant to *State v. Cabrales* 2008-Ohio-1625, because commission of the first offense necessarily results in commission of the second.[1]

**{¶13}** In *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, the Supreme Court recently held the offenses of drug possession and drug trafficking are allied offenses of similar import for which multiple punishments are barred.  Id.

**{¶14}** Appellant's assignment of error is overruled in part and sustained in part.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

---

[1] Via Judgment Entry of December 30, 2010, this Court affirmed Appellant's conviction and sentence finding the offenses were not allied offenses of similar import pursuant to *Cabrales*, supra.  Appellant then filed an application for reconsideration of this Court's December 30, 2010 Judgment Entry citing the Ohio Supreme Court's recent decision in *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2.  Appellee did not file a response.

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                         :

                                 :

     Plaintiff-Appellee            :

                                 :

-vs-                           :            JUDGMENT ENTRY

                                 :

WINDELL E. MONTGOMERY     :

                                 :

     Defendant-Appellant      :            Case No. 10-CA-75

For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is affirmed in part; reversed in part and the matter remanded for a new sentencing hearing pursuant to the law and our Opinion. Costs to be divided equally.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY