Lanzinger, J.,
concurring.
{¶ 36} I concur in the majority opinion insofar as it clarifies State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182. Although the state retains the right to elect upon remand the allied offense conviction on which it will proceed, R.C. 2929.19 also applies, and the defendant retains the right to appeal issues that arise from the resentencing.
{¶ 37} I wish to emphasize, however, that the court of appeals need not vacate a sentence and remand the case each time it finds a sentencing error. The General Assembly gave the courts of appeals tools other than remand when it enacted R.C. 2953.08. “The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.” R.C. 2953.08(G)(2). The statute allows the appellate court to correct sentences itself and to save remanding for sentences that are vacated and require resentencing hearings. Discretion is explicitly left to the court of appeals. Nevertheless, I fully concur that R.C. 2929.19 applies when a court of appeals vacates a sentence and remands and that a defendant may appeal from issues that arise on the resentencing.