[Cite as *State v. Bickerstaff*, 2012-Ohio-1693.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 JE 12 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| TERRY L. BICKERSTAFF, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas Court, Case No. 09 CR 36.

JUDGMENT:      Modified in Part and Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Jane Hanlin
Prosecutor
Jefferson County Justice Center
16001 State Route 7
Steubenville, OH 43952

For Defendant-Appellant:      Attorney Eric Reszke
Suite 810
Sinclair Building
Steubenville, OH 43952

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

Dated: March 30, 2012

DeGenaro, J.

{¶1}    Defendant-Appellant, Terry L. Bickerstaff, appeals the April 19, 2011 judgment of the Jefferson County Court of Common Pleas sentencing him to 36 years to life in prison on one count of aggravated murder with firearm and gang specifications, following a remand from this court for resentencing due to a merger issue.  On appeal, Bickerstaff contends his sentence was erroneous.  Upon review, the sentence imposed by the trial court was reasonable based upon the applicable sentencing factors. However, the court erred by imposing post-release control upon Bickerstaff as this is not required for an aggravated murder conviction.  Accordingly, the judgment of the trial court is modified in part and affirmed.  Bickerstaff's sentence is modified to remove only the post-release control sanction.

## Facts and Procedural History

{¶2}    In *State v. Bickerstaff*, 7th Dist. No. 09 JE 33, 2011-Ohio-1345 (*Bickerstaff I*), this court summarized the pertinent facts of the case as follows:

On March 19, 2009, Bickerstaff was indicted for aggravated murder, in violation of R.C. 2903.01(A), and murder, in violation of R.C. 2903.02(B), with firearm and gang specifications, pursuant to R.C. 2941.145(A) and R.C. 2941.142, respectively.  The indictment stemmed from the March 7, 2009 shooting of Darrell Longmire, in the presence of multiple witnesses. Bickerstaff entered a plea of not guilty, and his case proceeded to a jury trial on July 30, 2009.

The undisputed testimony of various witnesses established that Bickerstaff and Longmire engaged in a brief altercation inside the convenience store at a gas station, during the early evening of March 7, 2009.  Among the witnesses to the altercation were Willette Fordham and Danielle Thompson, friends of Longmire, as well as Michelle McGee, Bickerstaff's girlfriend. Witness testimony varied regarding the extent to which the two men attempted to harm one another.  As the two men fought, witnesses testified that McGee began to yell, among other things, the phrase 'Su-Woo,' which is commonly used by members of the Bloods

to indicate their presence. After a store employee told all of the parties to leave, Longmire departed with Fordham and Thompson in Fordham's van and Bickerstaff departed with McGee in a white truck.

Upon leaving the gas station, Fordham drove to her house. Longmire then walked to his nearby house to drop off some items, and shortly returned to Fordham's house. Longmire and a number of other people then stood around the front of Fordham's house together to socialize. A few minutes later, Bickerstaff and another man drove up to Fordham's house in a black Lincoln and got out of the vehicle. Bickerstaff pulled out a firearm and shot Longmire in the chest at close range, causing his death. *Bickerstaff I* at ¶4-6.

{¶3} This court went on to describe the evidence introduced by the State to support the fact that the shooting was gang related and that Bickerstaff was affiliated with the Bloods, while the victim, Longmire, was affiliated with the rival Crips gang. *Id.* at ¶7-9.

{¶4} The jury returned guilty verdicts for the charges of murder, aggravated murder, and the firearm and gang specifications. The trial court immediately proceeded to sentencing and imposed 30 years to life for the aggravated murder and 15 years to life for murder to be served concurrently with each other but consecutively to the three years for each of the specifications, making an aggregate sentence of 36 years to life.

{¶5} On appeal to this court, Bickerstaff raised four assignments of error, three of which this court found meritless. The meritorious assignment of error concerned the trial court's failure to merge the aggravated murder and murder convictions. To that end, this court held:

The record reflects that Bickerstaff committed the offenses of aggravated murder and murder through the single act of shooting Longmire, and with the single state of mind. The trial court therefore committed plain error by failing to merge Bickerstaff's convictions for murder and aggravated murder. The State "retains the right to elect which

allied offense to pursue on sentencing on a remand to the trial court after an appeal." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶21. This court must therefore remand the issue to the trial court for a de novo sentencing hearing during which the State may elect to pursue either Bickerstaff's murder or aggravated murder conviction, along with their corresponding firearm and gang specifications, for sentencing purposes. Accordingly, Bickerstaff's fourth assignment of error is meritorious. *Bickerstaff I* at ¶76.

{¶6} On remand, the trial court held a resentencing hearing. The State elected to pursue the aggravated murder conviction, and thus the murder charge was dismissed. The court heard brief arguments from both sides, and allowed Bickerstaff to make a statement. After considering the record, the oral statements, the trial testimony, as well as the purposes and principles of sentencing under R.C. 2929.11, and after balancing the seriousness and recidivism factors under R.C. 2929.12, the court sentenced Bickerstaff to 30 years to life for aggravated murder, to be served consecutively to the three-year firearm specification and three-year gang specification. The court issued a Judgment Entry of Re-Sentence on April 19, 2011, from which Bickerstaff timely appeals.

**Sentencing**

{¶7} In his sole assignment of error, Bickerstaff asserts:

{¶8} "The trial court committed reversible error in sentencing the Defendant to life imprisonment with parole eligibility after thirty-six (36) years."

{¶9} When reviewing a felony sentence, an appellate court first reviews the sentence to ensure that the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. *Id.* at ¶15. If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Kalish* at ¶17, 19-20. An abuse of

discretion means more than an error of law or judgment; but rather implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶10} With regard to the first prong of the inquiry, Bickerstaff's sentence is not contrary to law. The 36-year-to-life aggregate sentence he received, i.e., 30 years to life for the aggravated murder charge to be served consecutively to the three-year mandatory sentence for the firearm specification, and the three-year sentence for the gang specification, was within the statutory range (from 24 years to life, up to life without parole). *See* R.C. 2903.03(A); 2929.02; 2929.03(A)(1); 2941.145(A); 2929.14(D)(1)(a)(ii); 2941.142; 2929.14(I). In addition, although not required, the trial court expressly stated that it had considered the principles and factors contained in R.C. 2929.11 and 2929.12. Further, Bickerstaff was afforded his allocution rights pursuant to Crim.R. 32(A)(1).

{¶11} However, the trial court erroneously imposed a five-year mandatory post-release control term upon Bickerstaff, since "an individual sentenced for aggravated murder * * * is not subject to postrelease control, because that crime is an unclassified felony to which the postrelease-control statute does not apply. R.C. 2967.28. Instead, such a person is either ineligible for parole or becomes eligible for parole after serving a period of 20, 25, or 30 years in prison." *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, ¶46. "R.C. 2967.28 applies only to felonies classified by degrees. The gun specification that accompanied his charge for aggravated robbery was not itself a separate felony charge. In this case, the gun specification was linked to the charge of aggravated robbery which is a felony of the first degree." *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, ¶10. Although not specifically raised as error by Bickerstaff, because neither the aggravated murder charge nor the gang and gun specifications are subject to post-release control, this court will modify the sentence to delete the term of post-release control only. App.R. 12(A)(1)(a).

{¶12} Turning to the second prong of the test, the trial court's overall sentence was not an abuse of discretion. The trial court thoroughly laid out its reasoning behind imposing the maximum sentence in this case. Bickerstaff had a criminal history and

during his allocution statement demonstrated no remorse for his crime. The crime was made more serious by the fact that there was serious physical harm to the victim (death), and because several minors were in the vicinity of the shooting and could have been harmed.

{¶13} Bickerstaff contends that the trial court's sentencing decision was unreasonable because of his young age at the time of the crime (24), that he had no juvenile adjudications, and because he was allegedly provoked by the victim. With regard to the last point, as this court noted in *Bickerstaff I*, there was no evidence of provocation in this case, and in fact, Bickerstaff was convicted of aggravated murder, which involves prior calculation and design. *See* R.C. 2903.03(A), *Bickerstaff I* at ¶17-22. With regard to the other arguments, the trial court reasonably concluded that other factors weighed more strongly in favor of the 36-year-to-life sentence. It was well within the trial court's discretion to make that determination, which, in fact, was not the maximum sentence the court could have imposed.

{¶14} Thus, Bickerstaff's sole assignment of error is meritorious in part. Although the trial court's sentence was reasonable, the court erred by imposing post-release control where none is required for an aggravated murder conviction. Accordingly, the judgment of the trial court is modified in part and affirmed. Bickerstaff's sentence is modified to remove only the post-release control sanction.

Waite, P.J., concurs.

Donofrio, J., concurs.