[Cite as *State v. Williams*, 2012-Ohio-3384.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee             :               C.A. CASE NO.    2011 CA 26

v.                                     :               T.C. NO.    09CR722

MICHAEL S. WILLIAMS                    :               (Criminal appeal from
                                                        Common Pleas Court)

     Defendant-Appellant            :

                                       :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ____27th____ day of ____July____, 2012.

· · · · · · · · · ·

STEPHANIE R. HAYDEN, Atty. Reg. No. 0082881, Assistant Prosecutor, 55 Greene
Street, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

JEREMY M. TOMB, Atty. Reg. No. 0079664, 124 West Main Street, Troy, Ohio 45373
     Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1}    Michael S. Williams appeals from his conviction and sentence on charges
of felonious assault and violating a protection order.

**{¶ 2}** Williams advances two assignments of error on appeal. First, he contends the trial court erred in sentencing him separately for allied offenses of similar import. Second, he claims the trial court abused its discretion in imposing consecutive four-year prison sentences.

**{¶ 3}** The record reflects that Williams was indicted on charges of felonious assault, domestic violence, and violating a protection order. As part of a plea agreement, Williams pled guilty to felonious assault and violating a protection order. The felonious assault charge alleged that Williams "did knowingly cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, to wit: a motor vehicle[.]" The charge for violating a protection order alleged that Williams "did recklessly violate the terms of a protection order * * * and at the time of the violation, the offender was committing a felony offense of Felonious Assault[.]" The charges were based on Williams's act of hitting his ex-girlfriend's car with his own vehicle. At the time of the incident, Williams's ex-girlfriend had obtained a protection order against him. The trial court imposed consecutive four-year prison terms. This appeal followed.

**{¶ 4}** In his first assignment of error, Williams raises an allied-offense argument under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. He contends felonious assault and violation of a protection order can be committed by the same conduct and were committed by the same conduct in his case. Conversely, the State argues that the two offenses were committed separately. According to the State, Williams violated the protection order by following the victim in his car. He then engaged in separate conduct by striking her car with his.

{¶ 5}     Upon review, we find Williams's argument to be persuasive.  In *Johnson*, the Ohio Supreme Court announced a new test for determining when offenses are allied offenses of similar import that must be merged pursuant to R.C. 2941.25. *Johnson* held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. It explained:

> Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.
>
> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."   * * *
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

*Id.* at ¶47-51 (citations and quotations omitted).

{¶ 6} In the present case, the State charged Williams with felonious assault, a second-degree felony, based on his act of hitting his ex-girlfriend's car with his vehicle. The other charge, violating a protection order, typically is a first-degree misdemeanor. R.C. 2919.27(B)(2). The offense is a third-degree felony, however, "[i]f the offender violates a protection order * * * while committing a felony offense[.]" R.C. 2919.27(B)(4). Here Williams was charged with third-degree felony violation of a protection order. As set forth above, the indictment alleged that he "did recklessly violate the terms of a protection order * * * and at the time of the violation, * * * was committing a felony offense of Felonious Assault[.]"

{¶ 7} In essence, Williams was charged with felonious assault and violation of a protection order by means of committing felonious assault. These offenses can be committed by the same conduct, and they were committed by the same conduct here. If the State intended to base the protection-order violation on Williams's act of *following* his ex-girlfriend's car, it should have charged him with first-degree misdemeanor violation of a protection order. By charging Williams with third-degree felony violation of a protection order, the State explicitly and necessarily based the charge on his act of *hitting* her car, i.e., felonious assault.

{¶ 8}     Based on the foregoing reasoning, we conclude that felonious assault and violation of a protection order were allied offenses of similar import. *See State v. Weathers*, 12th Dist. Butler App. No. CA2011-01-013, 2011-Ohio-6793, ¶24 (finding that "the felonious assault, domestic violence and violation of a protection order offenses are allied offenses of similar import and must be merged for sentencing because the state relied on the felonious conduct for each offense"). Therefore, the trial court erred in sentencing Williams separately for both offenses. Although he did not raise this issue below, "we have previously held that a trial court's failure to merge allied offenses of similar import constitutes plain error." *State v. Fairman*, 2d Dist. Montgomery No. 24299, 2011-Ohio-6489, ¶56 (citation omitted). As a result, we "must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant."[1] *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶25. Williams's first assignment of error is sustained.

{¶ 9}     In light of the foregoing disposition, we overrule, as moot, Williams's second assignment of error, which challenges the trial court's discretion to impose consecutive four-year prison terms.

{¶ 10}     The judgment of the Greene County Common Pleas Court is reversed, and the matter is remanded for re-sentencing.

---

[1] "Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing. Thus, the trial court should not vacate or dismiss the guilt determination." *Whitfield*, at ¶27.

. . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., dissenting:

{¶ 11}   Williams pled guilty to felonious assault and violation of a protection order while committing a felony. The question is whether the two offenses can be, and were, committed by the same conduct. The conduct for the felonious assault was the striking of the victim's car with the defendant's own. But the defendant's conduct of violating the protection order involves the additional fact that the defendant is subject to a protection order and makes this defendant's conduct different from anyone else who would be in the victim's presence. This distinction, that the defendant was subject to a protection order, was the result of actions far removed from the September 26, 2009 car crash and involves conduct independent thereof. Although the discrete act of striking the victim's car completed the offense, that act would not constitute violation of a protection order if the defendant had not been prohibited from being in the victim's presence.   Accordingly, different acts constitute the separate offenses.

{¶ 12}   The foregoing result is consistent with the apparent intent of the legislature to have the violation of a protection order, while committing a felony, constitute a separate offense. The state is required to prove that the violation of a protection order occurred "while committing a felony." The state's case, of necessity, must prove commission of the underlying felony. Thus, if merger applies, the violation of a protection order while committing a felony would always merge with the other felony being committed and could never constitute a separate offense. Because "while committing a felony" language was

placed in the protection-order-violation statute long after the allied-offense statutory limitation, the legislature could not have intended for the "while committing a felony" enhancement to have no meaning. Moreover, the apparent purpose of the statute is to proscribe certain conduct by a person subject to a court order. Felonious assault by a person who intentionally strikes an occupied motor vehicle, and who is not subject to a protection order, is a different situation than the same offense being committed by someone who has been ordered by a court to stay away from the victim altogether.

{¶ 13}   Likewise, there is a separate animus related to the offenses. The focus of the protection order violation is to recklessly violate the terms of the order, in this case by being in the victim's presence, or within a prohibited distance. The focus of the felonious assault is the attempt to cause physical harm with a deadly weapon, here a motor vehicle. Those are separate animi which prevent the offenses from being allied offenses that merge. Based on the foregoing reasoning, I conclude that felonious assault and violation of a protection order while committing a felony of felonious assault are not allied offenses of similar import.

{¶ 14}   My dissent here is consistent with my partial dissent in *State v. Fairman*, 2d Dist. Montgomery No. 24299, 2011-Ohio-6489. In that case, the defendant was accused of obtaining a firearm from a third person with the immediate intent of shooting the victim who was standing next to him when he got the firearm. He was charged with having a weapon while under disability (for possessing the firearm when prohibited) and felonious assault (for shooting the victim). The opinion of the court held that the felonious assault and having a firearm while under disability merged. I disagreed because having the weapon and using the weapon were different acts and were supported by different intent, i.e., having a weapon and

using the weapon. Like the case here, Fairman's status of being under a disability was part of the weapons offense. "Fairman acquired the disability that prevents him from having a firearm by committing a felony of violence long before he used a firearm to shoot [the victim]. That separate act is unrelated to the Felonious Assault." *Id.* at ¶ 87 (Hall, J., concurring in part and dissenting in part).

{¶ 15} I also recognize that the 12th District has held differently in a similar situation. In *State v. Weathers*, 12th Dist. Butler No. CA2011-01-013, 2011-Ohio-6793, the court held that "the felonious assault, domestic violence and violation of a protection order offenses are allied offenses of similar import and must be merged for sentencing because the state relied on the felonious conduct for each offense." *Id.* at ¶24. Weathers punched and choked his victim, the mother of his children, during an altercation outside a bar. The state conceded that the felonious assault and domestic violence offenses merged. The appeals court determined that the conduct constituting felonious assault and violation of a protection order was the conduct outside the bar when the defendant pulled the victim out of a car and punched her. Nowhere in the discussion is recognition that the protection order was acquired by and through separate pre-existing conduct. Under the 12th District's analysis, a violation of a protection order would always merge with a discrete act of assault, or domestic violence if applicable, on the protected party. That result fails to recognize the distinction between domestic violence committed by any offender, and domestic violence committed by one who has previously been ordered by a court to stay away from the protected person. The entirety of the defendant's conduct should be considered, not just the immediate physical act. Accordingly, I disagree with *Weathers*; and in this case, I would overrule the first

assignment of error.

. . . . . . . . . .

Copies mailed to:

Stephanie R. Hayden
Jeremy M. Tomb
Hon. Stephen A. Wolaver