O’Donnell, J.,
separately concurring.
{¶ 22} R.C. 2929.41(B)(3) carves out an exception to the allied offense statute and permits a court to impose consecutive sentences for felony aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and its predicate misdemeanor offense of operating a motor vehicle while under the influence of alcohol or drugs (“OVI”) in violation of R.C. 4511.19(A)(1)(a), regardless of whether they are allied offenses of similar import.
*288 {¶ 23} We have considered the allied offense statute, R.C. 2941.25, on many occasions and have recognized it as a legislative prohibition against multiple punishments for two or more offenses resulting from the same conduct. See State v. Washington, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 11.
{¶ 24} It provides:
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
{¶ 25} R.C. 2929.41(B)(3) specifically authorizes a trial court to exercise its discretion to impose consecutive sentences for misdemeanor OVI violations:
A jail term or sentence of imprisonment imposed for a misdemeanor violation of section * * * 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section * * * 2903.08 * * * when the trial court specifies that it is to be served consecutively.
(Emphasis added.)
{¶ 26} By using this language, the General Assembly expressed its intent to vest a sentencing court with discretion to impose consecutive sentences for the felony of aggravated vehicular assault and a misdemeanor OVI offense whenever the court exercises its discretion to impose sentence in that fashion. In State v. Kreischer, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, this court stated: “[W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.” Id. at syllabus.
{¶ 27} The majority concludes that R.C. 2941.25 is independent from R.C. 2929.41(B)(3) because R.C. 2941.25 focuses on multiple convictions while R.C. 2929.41 addresses sentencing. According to the majority, “R.C. 2929.41 does not become relevant until valid convictions have already been obtained.” (Emphasis sic.) Majority opinion at ¶ 19. However, we recently concluded that “ ‘for *289 purposes of R.C. 2941.25(A), a conviction is a determination of guilt and the ensuing sentence[;]’ ” thus, a defendant “ ‘is not “convicted” for purposes of R.C. 2941.25(A) until the sentence is imposed.’ ” (Emphasis added.) State v. Rogers, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 18, quoting State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 13, 24. Therefore, “merger of allied offenses occurs at sentencing.” Id., citing Whitfield at ¶ 18.
Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Brett Hammond and T. Allan Regas, Assistant Prosecuting Attorneys, for appellee.
Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Assistant Public Defender, for appellant.
Kitrick, Lewis & Harris Co., L.P.A., Mark Kitrick, and Elizabeth Mote, urging affirmance for amicus curiae Mothers Against Drunk Driving.
Ron O’Brien, Franklin County Prosecuting Attorney, and Michael P. Walton, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Franklin County Prosecuting Attorney Ron O’Brien.
{¶ 28} The allied offense statute provides general rules on whether multiple sentences may be imposed, whereas R.C. 2929.41(B)(3) expressly refers to the two offenses at issue in this case and permits a trial court to exercise its discretion to impose consecutive sentences if it chooses to do so.
{¶ 29} Accordingly, regardless of whether the felony offense of aggravated vehicular assault and the misdemeanor offense of OVI qualify as allied offenses of similar import for purposes of R.C. 2941.25, the specific directory language of R.C. 2929.41(B)(3) permits a trial court to impose cumulative sentences for those offenses independent of and without regard to the allied offense statute.
{¶ 30} For this reason, I concur in the judgment entered in this case.
Kennedy and French, JJ., concur in the foregoing opinion.