[Cite as *State v. Demarco*, 2016-Ohio-5609.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MICHAEL DEMARCO | : | Case No. 15-CA-107 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2015-CR-0332



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 August 22, 2016



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL M. ROGERS                          RANDALL E. FRY
38 South Park Street                      10 West Newlon Place
Mansfield, OH  44902                      Mansfield, OH  44902

*Farmer, P.J.*

{¶1} In December 2011, appellant, Michael DeMarco, pled guilty in Lorain County to one count of gross sexual imposition, and was sentenced to three years of community control and designated a Tier I sex offender pursuant to R.C. 2950.01. Appellant was required to register for fifteen years.

{¶2} In February 2012, appellant registered an address in Lorain County.

{¶3} In July 2012, the Lorain County Grand Jury indicted appellant for failure to register a change of address in violation of R.C. 2950.05(A)(1). Appellant pled guilty and was sentenced to three years of community control.

{¶4} In June 2013, the Lorain County Grand Jury indicted appellant for failure to verify his current address in violation of R.C. 2950.06(F). Appellant pled guilty and was sentenced to nine months in prison for the violation, and was sentenced to eight months in prison for violating his 2012 community control, to be served concurrently.

{¶5} In September 2013, appellant registered an address in Lorain County. Appellant allegedly was released from prison on April 4, 2014, but did not register an address following his release. In July 2014, appellant registered another address in Lorain County. Sometime thereafter, appellant moved to Richland County and failed to inform either Lorain County or Richland County of his new address.

{¶6} On January 14, 2015, the Lorain County Grand Jury indicted appellant on one count of failure to register in violation of R.C. 2950.04(E). On April 13, 2015, the Richland County Grand Jury indicted appellant on two counts of failure to register in violation of R.C. 2950.05(F)(1) and (2). On April 16, 2015, appellant pled guilty in the Lorain County case and was sentenced to twelve months in prison.

{¶7}　On October 2, 2015, appellant filed a motion to dismiss the Richland County indictment, claiming double jeopardy and multiple convictions for allied offenses. A hearing was held on November 6, 2015.　The trial court denied the motion.

{¶8}　On same date, appellant pled no contest to an amended charge of attempted failure to register a change of address in violation of R.C. 2950.05(F)(2).　By sentencing entry filed November 9, 2015, the trial court found appellant guilty and sentenced him to twelve months in prison to be served consecutively to the Lorain County sentence.　The trial court also filed a judgment entry denying the motion to dismiss.

{¶9}　Appellant filed an appeal and this matter is now before this court for consideration.　Assignment of error is as follows:

I

{¶10}　"THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR DISMISSAL OF INDICTMENT."

I

{¶11}　Appellant claims the trial court erred in denying his motion to dismiss the indictment based upon double jeopardy and allied offense arguments.　We disagree.

{¶12}　The narrow issue raised by this assignment is whether appellant can be charged, convicted, and sentenced for two events related to the sex offender registration statutes.

{¶13}　In the Lorain County case, appellant pled guilty to violating R.C. 2950.04(E) which states: "No person who is required to register pursuant to divisions (A) and (B) of this section, and no person who is required to send a notice of intent to

reside pursuant to division (G) of this section, shall fail to register or send the notice of intent as required in accordance with those divisions or that division." The indictment alleged appellant committed the offense sometime in 2014. November 6, 2015 T. at 7-8.

{¶14} R.C. 2950.04 governs manner of registering. Subsection (A)(1)(d) states in pertinent part: "After an offender who has registered pursuant to division (A)(1)(a) of this section is released from a prison term, a term of imprisonment, or any other type of confinement, the offender shall register as provided in division (A)(2) of this section." Subsection (A)(2) states in pertinent part:

(2) Regardless of when the sexually oriented offense was committed, each offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a sexually oriented offense shall comply with the following registration requirements described in divisions (A)(2)(a), (b), (c), (d), and (e) of this section:

(a) The offender shall register personally with the sheriff, or the sheriff's designee, of the county within three days of the offender's coming into a county in which the offender resides or temporarily is domiciled for more than three days.

{¶15} In the case sub judice, appellant was convicted of violating R.C. 2950.05(F)(2) which states: "No person who is required to register a new residence***address with a sheriff or with an official of another state pursuant to

divisions (B) and (C) of this section shall fail to register with the appropriate sheriff or official of the other state in accordance with those divisions." The indictment alleged appellant committed the offense between September 22, 2014, and March 3, 2015.

{¶16} R.C. 2950.05 governs notice of change of address of residence. Subsection (B) states in pertinent part:

> (B) If an offender***is required to provide notice of a residence***address change under division (A) of this section,***the offender***, at least twenty days prior to changing the residence***address***shall register the new address***with the sheriff of the county in which the offender's***new address is located, subject to division (C) of this section.

{¶17} In September 2013 and July 2014, appellant registered addresses in Lorain County, although he failed to register an address following his release from prison on April 4, 2014. Appellant's Brief at 8; Appellee's Brief at 7. To the Lorain County officials, appellant was a resident of Lorain County. In fact, as alleged in the Richland County indictment, appellant moved to and resided in Richland County sometime between September 22, 2014, and March 3, 2015.

{¶18} Appellant argues because the offenses involve the same acts, he cannot be charged twice under R.C. 2941.25(A) which states: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import,

the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶19} As explained by our brethren from the Fourth District in *State v. Smith,* 4th Dist. Scioto No. 15CA3686, 2016-Ohio-5062, ¶ 112:

The statute codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution, which prohibits the imposition of multiple punishments for the same offense. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. In other words, upon finding one or more counts to constitute two or more allied offenses of similar import, R.C. 2941.25(A) requires that the convictions be merged for the purposes of sentencing and that the defendant only be sentenced on one of the counts. *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 5.

{¶20} In *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio–995, paragraphs one and two of the syllabus and ¶ 30-31, respectively, the Supreme Court of Ohio stated the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors - - the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

{¶21} As clarified by the trial court during the November 6, 2015 hearing (T. at 4-5):

THE COURT: Okay. So we basically - - the parties agree that the charge in Lorain was failure to register. The charge here is failure to notify change of address. I see both sides agree to that at least?

MR. BLUNT [DEFENSE COUNSEL]: Yes. It was .04 in Lorain and .05 here.

THE COURT: The facts are such that he was supposed to register there but he moved here and was here and that's how he ended up getting charged here and there?

MR. BLUNT: Correct.

{¶22} We find appellant committed two separate acts, failure to register an address in Lorain County in violation of R.C. 2950.04(E) and failure to notice a change of address in Richland County in violation of R.C. 2950.05(F)(2), and incurred two separate harms, one to the residents of Lorain County and the second to the residents of Richland County. The residents from each county are entitled to be informed of the location of a sexual oriented offender; therefore, two separate harms occurred.

{¶23} Upon review, we find the trial court did not err in denying the motion to dismiss.

{¶24} The sole assignment of error is denied.

{¶25} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Delaney, J. concur.

SGF/sg 722