[Cite as *State v. Bash*, 2026-Ohio-440.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0090 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-1277 |
| GLEN BASH | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: February 11, 2026 |

**BEFORE:** Andrew J. King, William B. Hoffman, Kevin W. Popham, Appellate Judges

**APPEARANCES:** Ron Welch, Esq., Muskingum County Prosecuting Attorney, Joseph A. Palmer, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Chris Brigdon, for Defendant-Appellant

OPINION

*Hoffman, J.*

{¶1}   Defendant-appellant Glen M. Bash appeals the judgment entered by the Muskingum County Common Pleas Court convicting him upon his pleas of guilty to two counts of failure to comply with the order or signal of a police officer (R.C. 2921.331(B)) and possession of cocaine (R.C. 2925.11(A)), and sentencing him to an aggregate term of incarceration of forty-four months.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On April 13, 2025, at 12:36 a.m., a police officer observed a motorcycle driven by Appellant traveling at seventy miles per hour in a thirty-five mile per hour zone. The officer attempted to stop the motorcycle; however, the motorcycle accelerated and disappeared from the officer's view.

{¶3}   A short time later, the officer spotted the same motorcycle, which was driven by Appellant.  The officer initiated his lights and siren in order to effectuate a stop. Appellant again fled from the officer, traveling at a speed which exceeded the speed limit for a distance of 4.2 miles, running multiple stop signs, and disobeying traffic control devices.  Ultimately Appellant hit a parked vehicle.  When the officer patted down Appellant, the officer found a substance on Appellant's person which Appellant admitted was cocaine.

{¶4}   Appellant was indicted by the Muskingum County Grand Jury with three counts of failure to comply with the order or signal of a police officer and one count of possession of cocaine.  Pursuant to a negotiated plea, Appellant pled guilty to two counts of failure to comply with the order or signal of a police officer, one of which the State

amended from a felony of the fourth degree to a felony of the fifth degree, and one count of possession of cocaine. The State dismissed the remaining count of failure to comply with the order or signal of a police officer. The trial court convicted Appellant upon his guilty pleas.

{¶5} At the sentencing hearing, Appellant argued the two convictions of failure to comply with the order or signal of a police officer should merge as allied offenses of similar import. The trial court rejected Appellant's argument, finding the convictions did not merge. The trial court sentenced Appellant to eight months of incarceration for failure to comply as a fifth-degree felony, thirty months of incarceration for failure to comply as a fourth-degree felony, and six months of incarceration for possession of cocaine, to be served consecutively for an aggregate term of incarceration of forty-four months.

{¶6} It is from the August 29, 2025 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED BY FAILING TO MERGE COUNTS 1 AND 4 FOR PURPOSES OF SENTENCING, IN VIOLATION OF R.C. 2941.25 AND THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶7} In his sole assignment of error, Appellant argues the trial court erred in failing to find his two convictions of failure to comply merged as allied offenses of similar import. We disagree.

{¶8}   The Double Jeopardy Clause in the Fifth Amendment protects individuals "against the imposition of multiple criminal punishments for the same offense." *State v. Rogers*, 2015-Ohio-2459, ¶ 16. R.C. 2941.25(A) affords a similar protection, providing, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." When a defendant is to be sentenced on allied offenses, "it is the state that chooses which of the allied offenses to pursue at sentencing, and it may choose any of the allied offenses." *State v. Whitfield*, 2010-Ohio-2, ¶ 20, *citing State v. Brown*, 2008-Ohio-4569, ¶ 43.

{¶9}   The Supreme Court of Ohio has explained a reviewing court should consider three questions when a defendant's conduct results in multiple charges: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *State v. Ruff*, 2015-Ohio-995, ¶ 31. An affirmative answer to any of the three questions will permit a separate conviction. *Id*. Offenses are committed separately if one offense was complete before the other offense occurred, notwithstanding the proximity in time of the offenses. *State v. Woodard,* 2022-Ohio-3081, ¶ 38 (2d Dist.).   Thus, "when one offense is completed prior to the completion of another offense during the defendant's course of conduct, those offenses are separate acts."  *Id*.

{¶10} The trial court found the two counts constituted separate incidents. Appellant argues the charges arose from one continuous chase.  Appellant argues the officer initiated pursuit, disengaged temporarily upon losing sight of Appellant, and re-engaged pursuit minutes later upon spotting Appellant's motorcycle.

{¶11} R.C. 2921.331(B) defines failure to comply with the order or signal of a police officer, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."

{¶12} Appellant's first commission of the offense of failure to comply was complete when the officer initially pursued Appellant for speeding, and Appellant failed fled from the officer rather than stopping. The initial offense ended when the officer lost sight of Appellant's motorcycle. The second offense of failure to comply began when the officer saw Appellant's motorcycle a second time, activated his lights and siren, and Appellant again chose to flee rather than comply with the officer's signal to stop.

{¶13} Although close in proximity of time, we find Appellant committed two separate acts by twice fleeing a police officer after receiving an order or signal to stop. We find the trial court did not err in failing to merge the two convictions of failure to comply with the order or signal of a police officer.

**{¶14}**  The first assignment of error is overruled.  The judgment of the Muskingum County Common Pleas Court is affirmed.  Costs are assessed to Appellant.


By: Hoffman, J.

King, P.J. and

Popham, J. concur