[Cite as *State v. Brooks*, 2012-Ohio-3810.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97668**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## IMANUEL BROOKS

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-548353 and CR-551178

**BEFORE:** Jones, J., Sweeney, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 23, 2012

**ATTORNEY FOR APPELLANT**

Mary Elaine Hall
645 Leader Building
526 Superior Avenue, East
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Mark J. Mahoney
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Imanuel Brooks, appeals his sentence. For the reasons that follow, we reverse and remand for resentencing.

I.

{¶2} In March 2011, Brooks was charged in Case No. CR-548353 with the following crimes: Count 1, rape of a victim less than 13 years of age, with a sexually violent predator specification; Count 2, kidnapping, with a sexual motivation specification; and Count 3, intimidation of a crime victim or witness. The victim was the ten-year-old daughter of Brooks's girlfriend.

{¶3} In June 2011, Brooks was charged in Case No. CR-551178 with the following crimes: Count 1, kidnapping; Count 2, felony domestic violence; Count 3, aggravated menacing; Counts 4 and 5, misdemeanor domestic violence; Count 6, aggravated menacing; Count 7, attempted murder; Count 8, felonious assault; Count 9, domestic violence; and Count 10, aggravated menacing. The victim from the first case was the named victim in Count 5, misdemeanor domestic violence; the named victim for the remaining counts was her mother, Brooks's girlfriend.

{¶4} After negotiations between Brooks and the state, Brooks pleaded guilty in the first case to Count 1, rape, amended to delete the victim's age and the sexually violent predator specification, and Count 2, amended to attempted kidnapping with a sexual motivation specification. The remaining charges in the case were dismissed.

**{¶5}** Relative to the second case, Brooks pleaded guilty to Count 2, felony domestic violence, Counts 4 and 5, misdemeanor domestic violence, and Count 8, felonious assault. The remaining charges in the case were dismissed.

**{¶6}** Sentencing was had on November 30, 2011. On the first case, the trial court overruled the defense's contention that the rape and attempted kidnapping counts merged, and sentenced Brooks to ten years on the rape and six years on the attempted kidnapping, to be served consecutively. On the second case, the trial court sentenced Brooks to seven years on the felonious assault, and four years on the felony domestic violence, to be served consecutively. The court also sentenced him to six months on each of the misdemeanor domestic violence counts, to be served concurrently to each other and concurrent to the felonious assault and felony domestic violence sentence. Brooks now appeals, raising the following assignments of error for our review:

> I. The trial court committed plain error when it failed to merge the rape and attempted kidnapping with a sexual motivation specification in Counts 1 & 2 in CR 11-548353 for the purposes of felony sentencing.
>
> II. The trial court committed plain error when it sentenced the defendant-appellant to four years imprisonment for the third degree felony of domestic violence.
>
> III. The trial court committed plain error when it imposed consecutive felony sentences upon the defendant-appellant in CR 11-548353 & CR 11-551178 because those sentences were contrary to law.
>
> IV. The trial court committed plain error when it imposed consecutive felony sentences upon the defendant-appellant in CR 11-548353 & CR 11-551178 in violation of its statutory duties pursuant to R.C. 2929.11 & 2929.12.

V. The trial court committed plain error when it imposed a six year sentence for attempted kidnapping with a sexual motivation specification in Count 2 to be served consecutively with the ten year sentence for rape in Count 1 in CR 11-551178 in conflict with the overall purposes of felony sentencing in R.C. 2929.11(A).

**{¶7}** Because all of Brooks's assignments of error are relative to his sentence, we consider them together.

## II.

**{¶8}** The Ohio Supreme Court set forth the standard for reviewing felony sentencing in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Under *Kalish*, appellate courts must apply a two-step approach when analyzing alleged error in a trial court's sentencing.

**{¶9}** First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision is reviewed under an abuse-of-discretion standard. *Id*. at ¶ 4.

### A. Merger of Rape and Attempted Kidnapping

**{¶10}** For his first assigned error, Brooks contends that the trial court erred by not merging the rape and attempted kidnapping convictions. The state concedes the error, and we agree.

R.C. 2941.25 provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information

may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶11} The Ohio Supreme Court's most recent analysis of allied offenses is in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In *Johnson*, the Court established, through a two-tiered test, that the conduct of the accused must be considered when determining whether offenses are allied offenses of similar import subject to merger. The first inquiry focuses on whether it is possible to commit multiple offenses with the same conduct. *Id.* at ¶ 48. If the offenses "correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Id.* It is not necessary that both crimes are always committed by the same conduct, only whether it is possible for the defendant's conduct to result in the commission of both offenses. *Id.* If it is possible to commit both offenses with the same conduct, then courts must look at the "state of mind" of the offender to determine if the offender acted with a separate animus or purpose in committing two or more offenses. *Id.*

{¶12} Under *Johnson,* the facts of the criminal conduct must be evaluated to

determine whether the offenses are allied offenses subject to merger. "Post *Johnson*, courts must undertake a case-by-case inquiry as to whether the defendant's conduct can constitute the commission of more than one charged offense." *State v. Hicks*, 8th Dist. No. 95169, 2011-Ohio-2780, ¶ 10.

{¶13} The record here demonstrates that the attempted kidnapping was part and parcel of the rape. The two counts, therefore, should have merged. Accordingly, the first assignment of error is sustained and the case is remanded for resentencing, at which the state shall elect on which count to proceed. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 25.

B. Sentence on Felony Domestic Violence Count

{¶14} In his second assignment of error, Brooks contends that the trial court erred in sentencing him to four years, i.e., 48 months, on the third degree felony domestic violence count under the law prior to the sentencing amendments made pursuant to House Bill 86 ("H.B. 86"). The state concedes the assignment of error, and we agree.

{¶15} H.B. 86 was effective on September 30, 2011, and Brooks was sentenced on November 30, 2011. R.C. 1.58(B) provides that if the "penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶16} Under the law prior to H.B. 86, the domestic violence charge in Count 2 of the second case was subject to a 1-to-5 year sentence. After the enactment of H.B. 86,

the same conviction is subject to a 9-, 12-, 18-, 24-, 30-, or 36-month sentence. *See* R.C. 2929.14(A)(3)(a) and (b). The trial court advised Brooks at the plea hearing that he would be sentenced under the new law, but at sentencing, it sentenced him to four years under the old law.[1]

{¶17} Because Brooks's punishment for this offense was reduced by the enactment of H.B. 86, under R.C. 1.58, the trial court should have sentenced him under the new law. Accordingly, his second assignment of error is sustained.

C. Consecutive Sentences on the Two Cases

{¶18} As stated, Brooks's third and fourth assignments of error challenge the trial court's judgment ordering that the sentence in the first case to be served consecutively to the sentence in the second case. The argument within the assignments of error, however, challenge the trial court's imposition of consecutive sentences on the rape and kidnapping counts, and more than a three year sentence on the third degree felony domestic violence count. We find the trial court erred on those sentences, and thus Brooks's arguments in that regard are moot. To the extent, however, that Brooks's argument is that the trial court cannot impose the sentences on the two cases to run consecutively, we find it not well taken. Upon resentencing, if the trial court complies with the statutory requirements for felony consecutive sentences, it may sentence Brooks to consecutive terms on the two cases. *See generally State v. Brewster*, 8th Dist. Nos.

---

[1]The trial court gave Brooks the option of withdrawing his plea based upon the court's representation at the plea hearing that it would be sentencing him under the new law, but Brooks declined to withdraw his plea.

80755 and 80756, 2002-Ohio-5847.

D.  Sentence on Rape and Attempted Kidnapping

{¶19} In his final assignment of error, Brooks contends that the trial court's sentence on the rape and attempted kidnapping counts did not comport with the overriding purposes of felony sentencing.  Because we find that the two counts should have merged, this assignment of error is moot.

{¶20} Judgment reversed; case remanded for resentencing consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

JAMES J. SWEENEY, P.J., and

MARY EILEEN KILBANE, J., CONCUR